IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 12-cv-24318-KMM

Wi-LAN USA, INC. and Wi-LAN, INC.

    Plaintiffs,

vs.

APPLE INC.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

THIS CAUSE came before the Court upon Defendant's Renewed Motion to Transfer Venue to the United States District Court for the Southern District of California (ECF No. 39). Plaintiffs filed a Memorandum in Opposition (ECF No. 49) and Defendant filed a Reply (ECF No. 53). The Motion is now ripe for review. UPON CONSIDERATION of the Motion, the Response and Reply, the pertinent portions of the Record, and being otherwise fully advised in the premises, this Court enters the following Order.

### I. BACKGROUND[1]

In December 2012 Wi-LAN filed suit against Apple for patent infringement concerning U.S. Patent Nos. 8,315,640 and 8,311,040. The patents relate "to the methods and systems for transmission of multiple modulated signals over wireless networks, and packing source data packets into transporting packets with fragmentation." Mem. in Opp., at 2. Wi-LAN has two related actions pending in this Court, one filed against HTC Corporation and HTC America, and

---

[1] The facts herein are taken from Defendant's Renewed Motion to Transfer Venue (ECF No. 39); Plaintiffs' Memorandum in Opposition (ECF No. 49); and Defendant's Reply (ECF No. 53).

the other filed against Sierra Wireless America, Inc. These actions concern the same patents with similar allegations of infringement.

Wi-LAN, Inc. is a corporation in the intellectual property development and licensing industry headquartered in Ottawa, Ontario. Wi-LAN USA, a wholly owned indirect subsidiary of Wi-LAN, is a Florida corporation with its U.S. headquarters in Miami. Wi-LAN USA was incorporated in Florida in December 2011. Defendant Apple is based in Cupertino, California, in the Northern District of California. Apple has retail locations in the Southern District of Florida. Qualcomm, a developer of technology implicated in these patents, is based in San Diego, California, in the Southern District of California.

## II.  LEGAL STANDARD

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

The standard for transfer under § 1404(a) gives broad discretion to the trial court, and a trial court's decision will be overturned only for abuse of discretion. Mason v. Smithkline Beecham Clinical Labs., 146 F. Supp. 2d 1355, 1358 (S.D. Fla. 2001). Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public, and to conserve time, energy, and money. See id. at 1359.

The question of whether to transfer venue involves a two-pronged inquiry. Id. The first prong holds that the alternative venue "must be one in which the action could originally have been brought by the plaintiff." Id. The second prong involves an element-by-element analysis.

It requires Courts to "balance private and public factors . . ." to determine whether transfer is justified. Id.

### III. DISCUSSION

The above-styled action could have been filed in the Southern District of California. Apple is subject to personal jurisdiction in S.D. Cal. because "it offers for sale or sells accused products in that district, and therefore has sufficient contacts to establish jurisdiction there." Mot. to Trans., at 6. Therefore, transfer is permissible—provided that transfer is justified as evinced by an analysis of public and private factors.

In Manuel v. Convergys Corp., 430 F.3d 1132 (11th Cir. 2005), the Eleventh Circuit listed a number of public and private factors relevant to determine whether transfer is justified under § 1404(a). These factors include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Id. at 1135 n.1. No single factor is dispositive, and courts have differed in the weight afforded to each individual factor. Compare Cellularvision Tech. & Telecomms., L.P. v. Alltel Corp., 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007) (evaluating six factors) with NISSM Corp. v. Time Warner, Inc., No. 07-CV-20624, 2008 WL 540758, at *2 (S.D. Fla. Feb. 25, 2008) (evaluating seven factors). As several factors ostensibly overlap with one another, this Court will strive to analyze each factor in a manner most tailored to the instant dispute.

1. The Convenience of the Witnesses

Apple contends that "the majority of non-party witnesses are located much more conveniently to SD Cal than SD Fla." Mot. to Trans., at 8. This includes witnesses connected to "third party chipmaker Qualcomm . . . the supplier of the accused technology ...." Id. "Additionally, at least three of the six inventors of the patents-in-suit and the attorney that prosecuted the patents in suit have residences in SD Cal . . . ." Id.

Wi-LAN points out that a number of the inventors live outside the S.D. Cal., in Texas, Massachusetts, Israel and China. Mem. in Opp., at 13-14. For these witnesses, Wi-LAN argues, San Diego is not more convenient than Miami. Id. at 14. Wi-LAN also disputes the relevance of the location of Qualcomm's headquarters to this litigation. Id. Wi-LAN points out that Apple, not Qualcomm, manufactures the products, Apple has not identified key Qualcomm witnesses located in S.D. Cal. and that in addition Qualcomm has offices across the country. Id.

This Court may consider the advantages of the transferee region as a whole and the analysis is not limited to the literal boundaries of the transferee forum. See In re TS Tech USA Corp., 551 F.3d 1315, 1321 (Fed. Cir. 2008) (considering the availability of evidence near the transferee district, not just in the district itself). See also Coast-to-Coast Stores, Inc. v. Womack-Bowers, Inc., 594 F. Supp. 731, 734 (D. Minn. 1984) ("[T]he Arkansas venue would be considerably superior to Minnesota . . . [as][t]he greatest number of witnesses in this action reside in Arkansas. Further, those witnesses who do not live in Minnesota reside in states which are considerably closer to Arkansas . . .").

Here, some potential witnesses in this case reside in California, either inside or outside of S.D. Cal. A number of other witnesses are dispersed across the country and the world. However, no potential witnesses are located in S.D. Fla., the State of Florida, or the greater

4

southern region. Given this disparity, holding this litigation in California generally and in S.D. Cal. more specifically would be more convenient for the witnesses than holding this litigation in Florida. Therefore, this factor favors transferring the action.

### 2. The Location of Relevant Documents

Apple argues that S.D. Cal. "is closer to the source of relevant documents." Mot. to Trans., at 7. Wi-LAN points out that "Apple will presumably produce its documents electronically in this case, and it will be no more burdensome for it to do so if the case remains in Florida." Mem. in Opp., 11. Apple contends that "discovery in this case will inevitably require the production of source code … and for security reasons … such evidence must be physically transported and viewed on special computer terminals." Reply, at 10.

It is likely that the bulk of the document production will be electronic. "In a world with fax machines, copy machines, email, overnight shipping, and mobile phones that can scan and send documents, the physical location of documents is irrelevant." Microspherix LLC v. Biocompatibles, Inc., Case No. 11-CV-80813, 2012 WL 243764, at *3 (S.D. Fla. Jan. 25, 2012). "In light of the burden a party moving for transfer bears, absent a showing by the moving party to the contrary, this Court considers the location of relevant documents and the relative ease of access to sources of proof a non-factor." Id. In the absence of more specific indications that considerable document production will take place on computer terminals and not electronically, the location of the relevant documents does not favor either geographic location. This Court therefore determines this factor to be neutral.

### 3. Convenience to the Parties

Apple contends that S.D. Cal. is the more convenient forum for Apple, as Apple is headquartered in Northern California and the evidence and documents in this matter will be

located in either S.D. Cal. or generally in the State of California. Mot. to Trans., at 6-7. Apple further contends that that no witnesses or documents are present in S.D. Fla. and that Wi-LAN's officers and directors are located in Canada and not Florida. Id. at 7. Wi-LAN disagrees, indicating that "Apple's alleged burden of litigating in Florida would be equally felt by Wi-LAN if it were forced to litigate in California ...." Mem. in Opp., at 12. This Court finds that while it would be substantially more difficult for Apple to litigate in Miami as opposed to San Diego, it would not be substantially more difficult for Wi-LAN to litigate in San Diego as opposed to Miami. Wi-LAN has very few roots in Florida compared to Apple's strong roots in California. Therefore, this factor favors transfer.

### 4. The Locus of Operative Facts

"'[W]here the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration.'" Motorola Mobility, Inc. v. Microsoft Corp., 804 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011) (quoting Windmere Corp. v. Remington Prods., Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985)). Here, Apple contends that "the center of gravity of the accused activity is located in SD Cal, where the research, design, marketing, and sales decisions related to the accused products and technology occurred." Mot. to Trans., at 9. Wi-LAN contends that the research, design and development took place in Cupertino, not San Diego. Mem. in Opp., at 12. Wi-LAN also points out that the accused instrumentalities in this instance are the Apple products, not the component products, and it is therefore irrelevant that Qualcomm is based in San Diego. Id. at 13.

Whether in San Diego or Cupertino, it is apparent that the operative facts at issue in this litigation took place nearly entirely in California. Wi-LAN cannot point to any activity in this case that took place in Florida. While there is some distance between Northern and Southern

California, these locations are much closer to each other than Florida is to anywhere in California. Therefore, this factor weighs in favor of transfer.

### 5. Availability of Process

Apple contends that the underlying technology at issue in this matter is manufactured by a third party, Qualcomm, and that this technology is incorporated into Apple products. Mot. to Trans., at 9. "Qualcomm will likely supply the primary technical witnesses that will testify at trial." Id. S.D. Cal. can compel Qualcomm witnesses to appear to testify while S.D. Fla. cannot. See id. In addition, S.D. Cal. has subpoena power over the prosecuting attorney and multiple inventors while "SD Fla has subpoena power over none of the non-party witnesses." Id. at 9-10.

Wi-LAN argues that "Apple has not presented any evidence that the witnesses located in California are actually unwilling to travel to Florida to testify" or that their testimony cannot be offered through deposition testimony. Mem. in Opp., at 11-12. "[C]ourts generally transfer cases when important witnesses can not be compelled to testify in the forum, but could be subpoenaed in the transferee court." Commercial Solvents Corp. v. Liberty Mut. Ins. Co., 371 F. Supp. 247, 250 (S.D.N.Y. 1974). Here, S.D. Cal. is the preferable venue for the exercise of subpoena power over third party witnesses. Therefore, this factor favors transfer.

### 6. The Relative Means of the Parties

Both parties in this instance are large corporate entities. Therefore, this factor is neutral.

### 7. A Forum's Familiarity with the Governing Law

Patent cases are governed by federal law and both districts are familiar with federal patent law. This factor is neutral.

### 8. The Weight Accorded Plaintiffs' Choice of Forum

"'The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.'" Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (quoting Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. Unit B 1981)). However, less consideration is due when the operative facts did not occur in Plaintiff's choice of forum. See Mason, 146 F. Supp. 2d at 1360. None of the operative facts in this instance occurred in S.D. Fla. Rather, the operative facts occurred in California, although not necessarily in S.D. Cal. Mot. to Trans., at 11.

Apple also contends Florida is not actually Wi-LAN USA's home forum. Mot. to Trans., at 10-11. Wi-LAN, the parent company of Wi-LAN USA, is based in Canada and Wi-LAN USA's "presence in Florida appears to be simply an artifact of litigation." Id. at 11 (citations omitted). Wi-LAN admits that its decision-making to base itself in Florida took into account "federal district courts that are knowledgeable concerning patent matters, participate in the patent pilot program, and maintain an expedited docket compared to other jurisdictions." Mem. in Opp., at 7. Wi-LAN's only Florida employee is a patent attorney. Id. at 4, 8. As Wi-LAN USA "appears to have been created solely for the purpose of filing cases in the Southern District of Florida" there is "less than persuasive reason to deny transfer . . . ." Wi-Lan USA, Inc. v. Alcatel-Lucent USA Inc., No. 12-CV-23568, 2013 WL 358385, at *5 (S.D. Fla. Jan. 29., 2013) (denying the motion to transfer following a consideration of all the factors). Given these circumstances, little weight should be given to the Plaintiff's choice of forum.

### 9. Trial Efficiency and the Interests of Justice

Apple contends that transfer to S.D. Cal. is in the public interest because of local connections and local interest. Mot. to Trans., at 11. Meanwhile, "SD Fla has little factual

8

connection to the claims against Apple other than the sale of accused products in the district." Id. at 12. Wi-LAN contends that "[j]udicial economy will be best served by denying the Motion" because two similar actions are also pending in this district, which "involve the same patents and substantially similar issues of infringement and invalidity, and may be consolidated with this action." Mot. in Opp., at 9. Apple points out in response that motions to transfer to S.D. Cal. have been filed in both of these cases as well. Reply, at 5. "Because these cases are in their earliest stages and may also be transferred From SD Fla to SD Cal, it would be premature to assume that the cases should be kept in SD Fla and consolidated." Id. Because these cases have the possibility of being consolidated in either district, this factor is neutral.

\*\*\*

In conclusion, deciding whether to transfer a case involves more than just tallying factors. This Court, however, finds that the totality of circumstances make transfer the most appropriate determination. While it is not perfectly clear that San Diego is the perfect forum to host this litigation in California, it is abundantly clear that a California forum is far more optimal than a Florida forum. See Coast-to-Coast Stores, Inc. v. Womack-Bowers, Inc., 594 F.Supp. at 734 (considering the advantages of the transferee region as a whole). In addition, in this instance, little weight should be given to the Plaintiff's choice of forum. A transfer to the Southern District of California would be more convenient for the parties and witnesses and is in the interests of justice. See 28 U.S.C. § 1404(a).

### III. Conclusion

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Renewed Motion to Transfer Venue (ECF No. 39) is GRANTED. The Clerk of Court is directed to TRANSFER this action to the United States District Court for the Southern District of California. It is further

ORDERED AND ADJUDGED that the Clerk of Court is directed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of April, 2013.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record